UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY A. CRUM, | ) | CASE NO. 1:22-cv-1995 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the parties' stipulation for an award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, of $5,644.00 in attorney's fees. (Doc. No. 15.) For the reasons set forth herein, the joint stipulation is approved.

I. BACKGROUND

On November 3, 2022, plaintiff filed this action seeking judicial review of defendant's denial of his application for disability benefits. (Doc. No. 1 (Complaint).) On April 21, 2023, this Court ordered, upon the parties' stipulation, the action remanded to the Commissioner for further administrative proceedings pursuant to Sentence Four of Section 205 of the Social Security Act ("SSA"), 42 U.S.C. § 405(g). (Doc. No. 13 (Order); *see* Doc. No. 12 (Joint Proposed Stipulation to Remand).) The present stipulation to award attorney's fees pursuant to the EAJA is now before the Court. In support of the stipulation, plaintiff provided documentation demonstrating the

reasonableness of the fees. (*See* Doc. No. 15-1 (itemized time records).)[1]

## II. DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that defendant's position was not substantially justified, and that plaintiff is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'"), *report and recommendation adopted sub nom Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015).

Although defendant does not object to the amount of fees, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). Documentation submitted by plaintiff shows 58.8 hours of legal services performed between October 7, 2022, and July 14, 2023, including the typical legal services of reviewing the administrative record, conducting legal research, drafting briefs, and the like. (Doc. No. 15-1.) While the number of hours claimed is higher than the Court typically sees with cases

---

[1] The parties' original stipulation did not contain documentation demonstrating the reasonableness of the fees. (*See* Doc. No. 14.) At the direction of the Court, the parties filed the present stipulation on July 20, 2023 and appended thereto copies of plaintiff's counsel's time records. (*See* Order [non-document], 7/20/2023.)

that are remanded early on a stipulation, it appears that some of the services may have been performed by junior attorneys and non-attorney staff, who presumably bill at a lower hourly rate. Under these circumstances, the Courts finds the number of hours claimed and the nature of these legal services to be reasonable.

While documentation attached to the stipulation does not identify the hourly rates billed by each attorney and staff member who performed services in this case, dividing the number of hours by the total amount of the stipulated award results in an average hourly rate of $95.99, which is well within the $125 statutory cap set by Congress in March 1996, even without adjustment for cost of living increases since 1996. (*Id.*) The charged average hourly rate is reasonable.

The Court finds that the $5,644.00 requested award is reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). This award will be in full satisfaction of any and all of plaintiff's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by plaintiff to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

Defendant is directed to determine whether plaintiff owes any pre-existing debt to the United States. If plaintiff owes a pre-existing debt to the United States, defendant shall direct that the award of $5,644.00 in attorney's fees, less any setoff, be made payable to plaintiff's attorney and be mailed to the attorney's business address. If there is no setoff, then the full award shall be remitted.

### III. CONCLUSION

For the reasons set forth herein, the Court approves the parties' joint stipulation (Doc. No. 15) for an award to plaintiff pursuant to 28 U.S.C. § 2412 in the amount of $5,644.00 in attorney's

fees, and this amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: July 26, 2023

**HONORABLE SARA LIOI
UNITED STATES DISTRICT COURT
CHIEF JUDGE**